UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MARIO GORDON,

                             Plaintiff,

                                          9:11-CV-0500
v.                                            (LEK/TWD)

J. MURNANE, et al.,

                             Defendants.

_____

APPEARANCES:                         OF COUNSEL:

MARIO GORDON
Plaintiff *pro se*
149 East 118th Street, Apt. 4F
New York, NY 10035

HON. ERIC T. SCHNEIDERMAN            DOUGLAS J. GOGLIA, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION</u>

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me by the Honorable Lawrence E. Kahn, Senior United States District Judge,

pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Currently pending before the Court is

Defendants' motion pursuant to Federal Rule of Civil Procedure 37(b) to dismiss or strike the

complaint as a sanction for Plaintiff's failure to attend his scheduled deposition.  (Dkt. No. 26.)

Plaintiff has not opposed the motion, despite being reminded of the original deadline to respond

and *sua sponte* granted an extension of time to respond.  (Dkt. Nos. 27 and 28.)  For the reasons

that follow, I recommend that the Court dismiss this action.

## I.     BACKGROUND

In this action, Plaintiff Mario Gordon claims that Defendants subjected him to excessive

force, failed to protect him, and failed to provide him with adequate medical care.  (Dkt. No. 1.)

On January 24, 2012, the Court issued a Mandatory Pretrial Discovery and Scheduling

Order.  (Dkt. No. 20.)  In that order, the Court granted Defendants leave to take Plaintiff's

deposition.  *Id*. at 3.  The order stated that:

> Defense counsel shall provide plaintiff[] with notice of the date of the
> deposition in the form provided in Rule 30(b)(1) and such notice shall
> be deemed sufficient if the notice is mailed to plaintiff[] at least
> fifteen (15) days prior to the scheduled date for the deposition.  The
> deposition may not commence until at least fifteen (15) days after
> defense counsel has filed a notice of compliance with [mandatory
> discovery].

*Id.* at 3-4.

On February 1, 2012, defense counsel filed a notice of compliance with mandatory

discovery.  (Dkt. No. 22.)  On the same day, Defendants served a deposition notice on Plaintiff.

(Dkt. No. 26-3.)  The deposition was scheduled for March 1, 2012, at 9:30 a.m. at the Attorney

General's office in Albany.  *Id*.  The notice stated that if Plaintiff failed to attend the deposition,

he could be subject to sanctions "including an Order requiring you to reimburse the defendants

for their costs including a reasonable attorney's fee . . . and the dismissal of your claims . . . ."

*Id*.  The letter accompanying the deposition notice also warned that Plaintiff could be subject to

sanctions including the payment of costs or the dismissal of his action if he failed to appear.

(Dkt. No. 26-4.)  The letter advised Plaintiff that he could call and discuss rescheduling if the

date was inconvenient.  *Id*.

On February 6, 2012, Plaintiff called defense counsel and asked that his deposition begin at 10:00 a.m. instead of 9:30 a.m. (Dkt. No. 26-2 ¶ 4.) Defense counsel agreed. *Id*. Defense counsel sent Plaintiff a letter memorializing the conversation. (Dkt. No. 26-5.) In that letter, defense counsel again advised Plaintiff that he could be subject to sanctions including the payment of costs or the dismissal of his action if he failed to appear. *Id*.

On February 23, 2012, defense counsel sent Plaintiff a letter reminding him of the scheduled date and time for his deposition. (Dkt. No. 26-6.) Defense counsel again advised Plaintiff that he could be subject to sanctions including the payment of costs or the dismissal of his action if he failed to appear. *Id*.

Plaintiff failed to appear for his deposition. (Dkt. No. 26-2 ¶ 6.) He did not contact defense counsel to advise him that he would not appear. *Id*. The court reporter charged defense counsel $85.00. (Dkt. No. 26-2 ¶ 7; Dkt. No. 26-7.)

On March 1, 2012, Defendants moved to dismiss the action for Plaintiff's failure to appear at his deposition. (Dkt. No. 26.) Plaintiff did not oppose the motion.

On June 12, 2012, I ordered Plaintiff to reimburse Defendants for the $85.00 in expenses that they incurred as a result of Plaintiff's failure to appear for his deposition. (Dkt. No. 29.) I stated that I would recommend denial of the motion to dismiss if Plaintiff complied with the order, but that I would recommend dismissal if Plaintiff did not comply. *Id*. Plaintiff did not comply with the order. (Dkt. No. 30.) No mail from the Court to Plaintiff at his address of record has been returned as undeliverable. Thus, it appears that Plaintiff received notice both of the Court's *sua sponte* extension of time in which to respond to the motion to dismiss and of the June 12, 2012 Order. However, Plaintiff has not made any contact with the Court since

3

summonses were issued in November 2011.

## II.   ANALYSIS

Defendants move under Federal Rule of Civil Procedure 37(b) to dismiss the complaint

as a sanction for Plaintiff's failure to appear at his properly noticed deposition.  (Dkt. No. 26.)

Under Rule 37(b), if:

> a party . . . fails to obey an order to provide or permit discovery . . .
> the court where the action is pending may issue further just orders.
> They may include the following: (i) directing that the matters
> embraced in the order or other designated facts be taken as
> established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated matters
> in evidence; (iii) striking pleadings in whole or in part; (iv) staying
> further proceedings until the order is obeyed; (v) dismissing the
> action or proceeding in whole or in part; (vi) rendering a default
> judgment against the disobedient party; or (vii) treating as contempt
> of court the failure to obey any order except an order to submit to a
> physical or mental examination.

Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient

party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless

the failure was substantially justified or other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(b)(2)(C).

A court may consider several factors when considering a motion to dismiss for failure to

comply with discovery.  *S. New England Tel. Co. v. Global Naps, Inc.*, 624 F.3d 123, 144 (2d

Cir. 2010).  Those factors are:  (1) the willfulness of the non-compliant party or the reason for

noncompliance; (2) the duration of the period of noncompliance; (3) whether the non-compliant

party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser

sanctions.  *Id.*  Sanctions may be imposed against a *pro se* litigant "so long as a warning has

been given that noncompliance can result" in a sanction.  *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.  In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault."  *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citations omitted). Here, the Court's orders were clear.  There is no indication that Plaintiff did not understand the orders.  Plaintiff has not advised the Court that his failure to appear or his failure to pay the monetary sanctions were due to factors beyond his control.  Accordingly, I find that Plaintiff's failure to appear at his deposition was willful.  Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, the duration of Plaintiff's non-compliance does not weigh strongly in favor of dismissal.  The Mandatory Pretrial Discovery and Scheduling Order was issued six months ago.  (Dkt. No. 20.)  Plaintiff failed to appear at his deposition approximately four months ago.  This lapse of time is shorter than cases that have been dismissed as a sanction for failure to appear.  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (affirming dismissal where six months elapsed between scheduling order and the plaintiff's third scheduled deposition, at which he failed to appear); *Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 180 (D. Conn. 2010) (dismissing complaint and characterizing one-year delay in complying with court order to produce records as "extremely lengthy"); *State Farm Mut. Auto Ins. Co. v. Grafman*, 274 F.R.D. 442, 452 (E.D.N.Y. 2011) (dismissing case where

"defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); *Handwerker*, 211 F.R.D. at 210  (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal).

Regarding the third factor, the Court and defense counsel repeatedly advised Plaintiff of his duty to appear at his deposition.  Plaintiff cannot argue that he did not receive defense counsel's letters because he responded to the first by calling to change the time of his deposition. Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the Court has previously imposed lesser sanctions on Plaintiff.  As noted above, I ordered Plaintiff to reimburse Defendants for the $85.00 in expenses they incurred as a result of Plaintiff's failure to appear at his deposition.  (Dkt. No. 29.)  Plaintiff did not comply with the order.  Thus, this factor weighs in favor dismissal.

Weighing the factors with the special solicitude that must be granted to *pro se* litigants, dismissal is warranted in this case.  Therefore, I recommend that the Court grant Defendants' motion to dismiss without prejudice.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court grant Defendants' motion to dismiss (Dkt. No. 26)

without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


Dated: July 16, 2012
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge